# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:08CV614-RJC-DSC

| | |
|---|---|
| **RONALD CARTER and REVOLUTIONARY CONCEPTS, INC.,** )<br>)<br>)<br>) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM AND ORDER** |
| ) | |
| **EMMANUEL OZOENEH; JASON MILLER; LAWYERS MUTUAL LIABILITY INSURANCE COMPANY OF NORTH CAROLINA,** )<br>)<br>)<br>)<br>) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on the Plaintiffs' "Motion to Compel Production of Documents" (document #57) filed June 16, 2010, and Defendant Lawyers Mutual Liability Company of North Carolina's ("Lawyers Mutual") "Memorandum of Law in Opposition to Plaintiffs' Motion to Compel Discovery" (document #61) filed June 30, 2010.

The instant Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B), and is now ripe for disposition.

Having carefully considered the parties' arguments, the record, and the applicable authority, and having performed an *in camera* review of a number of documents specifically referenced in the parties' briefs, the Court will deny the Plaintiffs' Motion to Compel Production of Documents, as discussed below.

# I. FACTUAL AND PROCEDURAL BACKGROUND

The underlying issue in this case revolves around U.S. Patent No. 7, 193,644 ("the '644 Patent"), on which Plaintiff Ronald Carter is named as the sole inventor. The '644 Patent involves technology that is known as the "EYETALK Communicator" or the "Automated Audio Video Messaging and Answering System"("the invention"). Plaintiffs filed a lawsuit in 2007 against Clements Walker ("the law firm") and individuals currently or formerly associated with the law firm in Mecklenburg County Superior Court, alleging legal malpractice in the foreign patent applications related to the invention ("the state court action"). Defendant Lawyers Mutual is the professional liability carrier under a policy of insurance for the law firm, and under a separate policy of insurance for Ralph Daughterty, one the individually named members of the law firm in the state court action. The Defendants in the state court action have taken the position that Plaintiff's inventorship claim is a disputed material fact based upon information in possession of the law firm which suggests that Defendant Emmanuel Ozoeneh ("Ozoeneh") was either the sole inventor or co-inventor of the invention. The state court action is currently pending in Mecklenburg County Superior Court.

On December 30, 2008, Plaintiffs filed the Complaint (document #1) against Defendants Ozoeneh and John Does Nos. 1 through 7 ("John Doe Defendants")[1] seeking declaratory, compensatory and injunctive relief with respect to the inventorship and ownership of the '644 Patent. Specifically, Plaintiffs seek a declaratory judgment to the effect that Ozoeneh is not an inventor or owner of the technology that is the subject of the '644 Patent. Ozoeneh requested additional time to file a responsive pleading, indicating to the Court that he needed additional time to find legal representation and had limited financial resources (document #7).

---

[1] The Court dismissed all claims against the John Doe Defendants in an Order dated March 8, 2010 (document #28).

William S. Graebe, attorney and claims counsel for Lawyers Mutual, made the decision to pay Ozoeneh's legal fees through summary judgment to assure that a default judgment was not entered due to Ozoeneh's inability to afford counsel and with the desire for the inventorship issue to be decided on the evidence. (Graebe Affidavit ¶¶6 and 12(h)(document #51)).

After learning from Ozoeneh that Lawyers Mutual was paying his legal fees to defend this action, Plaintiffs filed an Amended Complaint on March 16, 2010 asserting state law claims against Lawyers Mutual for tortious interference with contract, maintenance, and unfair and deceptive trade practices. Plaintiffs also allege bad faith, malice, and officious intermeddling by Lawyers Mutual. Plaintiffs contend that Lawyers Mutual does not have a legitimate interest in this declaratory judgment action and only paid Ozoeneh's legal fees to improve the position of the defendants in the state court action. (Amended Complaint ¶77 (document #29)).

Relevant to the pending motion, Lawyers Mutual responded to Plaintiffs' first set of interrogatories and request for production on May 24, 2010, and produced approximately 530 pages of documents. Lawyers Mutual also produced privilege logs concerning attorney-client communications and attorney work product. On June 1, 2010, counsel for Plaintiffs spoke with counsel for Lawyers Mutual asking questions about documents identified on the privilege logs and requesting the production of an expert witness invoice relevant to the state court action. On June 2, 2010, counsel for Lawyers Mutual asked Plaintiffs to identify the specific documents from the privilege logs they sought, so as to determine whether any privilege had been waived by disclosure to a third party. Counsel for Plaintiffs responded on June 2, 2010, requesting that specific documents be produced by Lawyers Mutual.

Before receiving a response to the June 2, 2010 request, Plaintiffs filed the instant Motion to Compel on June 16, 2010 seeking the production of documents that Lawyers Mutual has withheld

3

from production on the basis of attorney-client privilege. On June 30, 2010, Lawyers Mutual filed their "Memorandum of Law in Opposition to Plaintiffs' Motion to Compel Discovery." On July 9, 2010, this Court's law clerk contacted counsel for Lawyers Mutual to request that they submit the specific documents identified in Plaintiffs' "Motion to Compel Production of Documents" and Lawyers Mutual's "Memorandum of Law in Opposition to Plaintiffs' Motion to Compel Discovery"for an *in camera* review. Lawyers Mutual submitted the documents via first class mail on July 12, 2010. The Court has performed an *in camera* review of the following documents:

1. Email correspondence from Cynthia Van Horne to William Graebe and Ed Hinson dated September 15, 2008 and attached memorandum prepared by Cynthia Van Horne dated September 16, 2008;

2. Email correspondence from Cynthia Van Horne to William Graebe, Christopher Bernard, Greg Clements and Jason Miller dated September 18, 2008;

3. Email correspondence from Cynthia Van Horne to William Graebe dated November 14, 2008;

4. Boult Wade Tennant invoice dated November 28, 2008;

5. Email correspondence from Susan Olive to William Graebe dated May 28, 2009;

6. Email correspondence from Susan Olive to Ed Hinson, William Graebe, Cynthia Van Horne, Jerry Parnell, Erin Rall with the law firm of Olive & Olive, P.A., and Sherry Jackson with the law firm of Olive & Olive, P.A. dated May 29, 2009; and

7. Email correspondence from William Graebe to Susan Olive dated June 1, 2009.

## II. DISCUSSION OF CLAIMS

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that:

Parties may obtain discovery regarding any matter, not privileged, which is relevant

> to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); Hickman v. Taylor, 329 U.S. 495, 507 (1947).

Whether to grant or deny a motion to compel is generally left within the district court's broad discretion. See, e.g., Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting district court's substantial discretion in resolving motions to compel); LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same). However, when the attorney-client privilege and work product doctrine are raised in opposition to a discovery request, the Fourth Circuit has stated that "[w]e review the district court's decision that certain documents are subject to privilege *de novo* since it involves a mixed question of law and fact." Chaudhry v. Gallerizzo, 174 F.3d 394, 402 (4th Cir. 1999).

In this case, Lawyers Mutual has timely objected to producing certain documents pursuant to either attorney-client privilege, the work product doctrine, or both. Regarding the interplay between the two privileges, the Fourth Circuit has explained:

> While the attorney-client privilege is intended to promote communication between attorney and client by protecting client confidences, the work-product privilege is a broader protection, designed to balance the needs of the adversary system: promotion of an attorney's preparation in representing a client versus society's general interest in revealing all true and material facts to the resolution of a dispute.

5

In re Martin Marietta Corp., 856 F.2d 619, 624 (4th Cir. 1988) (citing United States v. Nobles, 422 U.S. 225, 238 (1975)).

The attorney-client privilege is intended to encourage those who find themselves in actual or potential legal disputes to be candid with lawyers who advise them, and is one of the oldest recognized privileges for confidential communications. See Upjohn Co. v. United States, 449 U.S. 383, 389 (1981); Hunt v. Blackburn, 128 U.S. 464, 470 (1888). The attorney-client privilege is intended to encourage "full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." Upjohn, 449 U.S. at 389; accord Swidler & Berlin v. United States, 524 U.S. 399, 403 (1998).

When the privilege applies, it affords confidential communications between lawyer and client complete protection from disclosure. In re Grand Jury Subpoena, 204 F.3d 516, 519-20 (4th Cir. 2000)(quoting Hawkins v. Stables, 148 F.3d 379, 383 (4th Cir. 1998)). This protection applies to communications between a corporate party and its in-house counsel, as well as to communications with a privately retained attorney. Upjohn, 449 U.S. at 389-90. Further, it is well established that the attorney-client privilege extends not only to documents authored by an attorney but also to information and queries submitted to him by his client. Id. at 390 (explaining that the attorney-client privilege "exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice"); In re Allen, 106 F.3d 582, 601 (4th Cir. 1997) (applying Upjohn).

Applying these legal principles to the documents listed above, documents 1-3 are emails that were authored by Cynthia Van Horne, who represents Lawyers Mutual in the state court action, to William Graebe, claims counsel for Lawyers Mutual. These emails are subject to attorney-client

privilege. Accordingly, Lawyers Mutual will not be required to produce them.

Documents 5 and 7 are emails between attorneys Susan Olive and William Graebe and were made in confidence, in the course of giving legal advice to Lawyers Mutual, and related to the matter about which Susan Olive was being consulted. These emails are subject to attorney-client privilege. Accordingly, Lawyers Mutual will not be required to produce them.

Similarly, document 6 which is email correspondence from attorney Susan Olive to support staff in her office, William Graebe, and counsel for the Lawyers Mutual insureds in the state court action, was made in the course of and for purposes of giving legal advice to Lawyers Mutual and its insureds. This email is subject to attorney-client privilege. Accordingly, Lawyers Mutual will not be required to produce it.

However, there are two documents, the memorandum attached to document 1 prepared by Cynthia Van Horne, and document 4, the invoice from Boult Wade Tennant, that do not contain communications between attorney and client and must be examined under the work product doctrine to determine if they are subject to that privilege and exempt from production.

Rule 26(b)(3) of the Federal Rules of Civil Procedure addresses the work product doctrine and provides:

> Trial Preparation: Materials . . . [A] party may obtain discovery of documents and tangible things otherwise discoverable . . . and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

As the Fourth Circuit has stated, "Under the work product rule, codified in Fed. R. Civ. P. 26(b)(3), an attorney is not required to divulge, by discovery or otherwise, facts developed by his efforts in preparation of the case or opinions he has formed about any phase of the litigation . . . ." Chaudhry, 174 F.3d at 403 (internal citations omitted); accord In Re Grand Jury Proceedings, 33 F.3d 342, 348 (4th Cir. 1994); In re Doe, 662 F.2d 1073, 1077-80 (4th Cir. 1981).

In order to qualify under the work product doctrine, the document must be prepared "because of the prospect of litigation when the preparer faces an actual claim or a potential claim following an actual event or series of events that reasonably could result in litigation." National Union Fire Ins. Co. v. Murray Sheet Metal Co., 967 F.2d 980, 984 (4th Cir. 1992). The fact that litigation is recognized generally as a possibility or that litigation in fact ensues is insufficient to cloak material with work product immunity. Id.

The party asserting work product protection has the burden of proving that the disputed items are subject to the doctrine, which is intended to prevent a litigant from taking a free ride on the research and thinking of his opponent's lawyer and to avoid the resulting deterrent to a lawyer's committing his thoughts to paper. See, e.g., United States v. Nobles, 422 U.S. 225, 236-39 (1975); Hickman v. Taylor, 329 U.S. at 510-11; U.S. v. Bornstein, 977 F.2d 112, 117 (4th Cir. 1992) (citing United States v. Powell, 379 U.S. 48, 58 (1964)).

Here, based on an *in camera* review, the Court finds that Lawyers Mutual has met its burden and has established protection under the work product doctrine for the memorandum attached to document 1 and document 4. These documents were prepared during the pendency of the state court action at the direction of Defendant's in-house or other counsel and are privileged under the work

product doctrine. Accordingly, Lawyers Mutual will not be required to produce these documents.

## III. ORDER

**NOW THEREFORE, IT IS ORDERED**:

1. Plaintiffs' "Motion to Compel Production of Documents" (document #57) is **DENIED.**

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties, and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED.**

Signed: July 21, 2010

David S. Cayer
United States Magistrate Judge